Under a contract for carriage of "household goods," the carrier is not liable, in the absence of gross negligence, for injury to a valuable oil painting, included in the shipment without the carrier's knowledge, where the carrier had filed with the Interstate Commerce Commission a tariff including a rate for paintings three times the amount of the rate of household goods; the shipper being presumed to know the classification.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 497–504; Dec. Dig. § 110.*

For other definitions, see Words and Phrases, vol. 4, pp. 3365, 3366.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Jane A. Stokes against the Delaware, Lackawanna & Western Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed, on condition of remittitur.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Douglas Swift, for appellant.

George W. Carr, for respondent.

LEHMAN, J. The plaintiff, desiring to move the contents of her home from the country to the city, asked the defendant company for rates of transportation. The defendant wrote that the rate was:

"Household goods, released, car load minimum weight 12,000 pds., 18 cts. per cwt.; not released, 22 cts. per cwt., to New York, Pier 68, North River."

The plaintiff, after being informed that the defendant remained liable for damages for goods shipped under the "not released" rate, shipped her goods under that rate. The car was loaded by her agents, and the defendant's agents had no knowledge of what goods were placed therein. The plaintiff's servant received a bill of lading for "household goods," and the plaintiff paid the carrying charges at the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rate of 22 cents a hundredweight. · Among the goods loaded upon the car was an oil painting worth· $1,000, which was injured while in the defendant's possession, and the plaintiff has recovered judgment for the damages suffered by this injury.

The sole question raised on this appeal is whether the defendant is liable for such injury. In my opinion the judgment is clearly erroneous, if the word "household goods" does not include a valuable painting. The plaintiff failed to show any gross negligence on the part of the defendant, either in transporting or unloading the car, while the defendant affirmatively showed that the picture was already injured when the car was unsealed. The only basis of recovery for that injury must therefore arise from the relation of shipper and carrier. The· plaintiff claims that she is not bound by the provisions of the bill of lading, because she had not given her servant authority to make a contract for her   I am somewhat inclined to the view that plaintiff is bound by the provisions of this contract, because the servant had sufficient apparent authority to bind her; but I do not think that this point is material, because if the bill of lading is not the contract, then the contract was made by the acceptance of the rate quoted in the defendant's letter, and that rate was for the transportation of "household goods" at car load rates of 22 cents a hundredweight. If the plaintiff, without the knowledge of the defendant, placed in the car other goods not fairly included in that term, and which she knew that defendant would not transport at car load rates, then the defendant. is not responsible as a bailee, but is responsible, if at all, only for the gross negligence of its servants. The carrier agreed to transport household goods, and the plaintiff impliedly represented that the goods loaded in the car were household goods. If this implied representation was false, then the defendant is not liable as a carrier for injury to these goods.

To prove that the term "household goods" does not include valuable oil paintings, the. defendant showed that it had filed a tariff of its rates with the Interstate Commerce Commission, and that this schedule contains a note to the classification of household goods which reads as follows:

"Paintings, silverware, bric-a-brac, etc., of value, will not be accepted by carriers for transportation at the classification for household goods and emigrant's movables; such articles being properly subject to the classification specifically provided therefor."

The classification for paintings entitled the defendant to charge the rate of 66 cents a hundredweight, instead of 22 cents. In the case of Texas & Pacific Ry. Co. v. Mugg, 202 U. S. 242, 26 Sup. Ct. 628, 50 L. Ed. 1011, the court held that a shipper—

"who has obtained from a common carrier transportation of goods from one state to another at a rate, specified in the bill of lading, less than the published schedule rates filed with and approved by the Interstate Commerce Commission, and in force at the time, whether or not he knew that the rate obtained was less than the schedule rate, is not entitled to recover the goods, or damages for their detention, upon the tender of payment of the amount of charges named in the bill of lading, or of any sum less than the schedule charges."

That case holds, of course, only that a special rate for transportation lower than the filed tariff is void, and that in spite of such a contract the railroad may charge the rate provided in the filed tariff. The court, however, will not presume that the parties have intended to enter into an illegal or a void contract. In this case the contract must be held to be void if the words "household goods" include valuable paintings. It is, however, legal if the words "household goods" are given the restricted meaning provided for in the filed tariff. It seems to me, therefore, clear that we must interpret the contract in the light of the filed tariff, and hold that the words "household goods" exclude valuable paintings. The Court of Appeals, in the case of Gardiner v. N. Y. C. & H. R. R. Co., 201 N. Y. 387, at page 392, 94 N. E. 876, at page 877, held that the plaintiff was charged "with knowledge of the schedule, heretofore quoted, filed with the Public Service Commission." If a passenger is chargeable with knowledge of schedules filed with the Public Service Commission, I see no reason why a shipper is not chargeable with knowledge of schedules filed with the Interstate Commerce Commission.

It follows that the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event, unless the plaintiff stipulates to reduce the judgment to $32, the amount of damages proven for injury to household goods, with costs; and, if so reduced, the judgment should be affirmed, without costs to either party. All concur.